PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. LUIS MAULEÓN, Defendant and Appellant.

No. 5915. Argued July 6, 1936.—Decided July 31, 1936.

Alfonso Lastra Chárriez and Justo A. Casablanca for appellant.
R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Luis Mauleón was charged before the District Court of San Juan by the prosecuting attorney with an offense of murder committed on the person of José García on November 8, 1932, in this city.

Upon trial before a jury he was found guilty of voluntary manslaughter. He asked for a new trial. The court denied his petition and entered judgment sentencing him to five years in the penitentiary.

He appealed and in his brief assigns a single error, committed in his opinion, by the lower court in denying the motion for new trial.

The motion was based upon newly-discovered evidence. Together with the motion he presented the affidavits of two witnesses who state that the defendant did not fire the shots which caused the death of García, but that some other person did. In passing upon the motion, the district court said:

"When the defendant filed his motion to postpone the sentence, three days after the verdict, in order that he might file a petition for a new trial based upon newly-discovered evidence, it does not appear that he then had knowledge of the evidence attached to his petition. It does not appear from the petition with sufficient clarity that the greatest possible effort was made to obtain the evidence before the trial, so as to justify the granting of a new trial. *People v. Pujols*, 23 P.R.R. 818; *People v. Quiles*, 41 P.R.R. 904.

"The crime was committed in this case on November 8, 1932; the information was filed on December 23, 1932; and the trial was had on October 10, 1934, one year and eleven months later; and as is said in the case of *People v. Díaz, alias Martillo*, 5 P.R.R. (2d) 197: 'It is indeed, quite improbable, that, in view of the length of time elapsed between the filing of the information and the trial, all the evidence in favor of the defendant could not have been discovered before the trial, if the greatest reasonable diligence had been displayed, and that at the mere announcement of a verdict of conviction, two days could have sufficed for the discovery of new evidence upon which to base a petition for a new trial.'

"The evidence of the two new witnesses is upon points already covered at the trial, that is, who caused the death of José García. *Carlo* v. *Ferrer*, 28 P.R.R. 343.

"After trial courts should proceed with caution in granting a new trial upon the ground of newly-discovered evidence. *People* v. *Romero*, 27 P.R.R. 872.

"Motions for new trial based on newly-discovered evidence are not favored by the law. *People* v. *Lebrón*, 23 P.R.R. 611. It has further been decided that such motions 'are generally regarded with suspicion and disfavor by the courts.' *People* v. *Español*, 16 P.R.R. 203."

Neither the appellant's brief nor the examination which we have made of the record convinces us that the court erred in refusing a new trial. Everything leads us to believe that the order which it entered was in justice the proper order.

Consequently, since the verdict is sustained by the evidence and the sentence is in accordance with the facts and the law, the appeal must be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.